UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEPHON DEJON ALEXANDER, | No. 2:20-cv-02294-CKD P |
| Plaintiff, | |
| v. | ORDER |
| AFSHIN ARYA, | |
| Defendant. | |

Plaintiff is a state inmate proceeding pro se and in forma pauperis in this civil rights action filed pursuant to 42 U.S.C. § 1983. On March 25, 2022, this matter was referred to the undersigned for all further proceedings and entry of final judgment based on the consent of all the parties. ECF No. 25.

On February 17, 2023, defendant filed a motion for summary judgment. ECF No. 32. On March 1, 2023 plaintiff was granted an extension of time to file an opposition until May 30, 2023. ECF No. 36. In the same order, plaintiff was informed that failure to file an opposition would result in a recommendation that this action be dismissed pursuant to Fed. R. Civ. P. 41(b). The extended deadline has now expired, and plaintiff has not responded to the court's order.

"Pursuant to Federal Rule of Civil Procedure 41(b), the district court may dismiss an action for failure to comply with any order of the court." Ferdik v. Bonzelet, 963 F.2d 1258, 1260 (9th Cir. 1992). In determining whether a dismissal is appropriate, the court considers five

factors. Ferdik, 963 F.2d at 1260-61 (9th Cir. 1992). These factors include: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives. Ferdik, 963 F.2d at 1260-61 (citing Thompson v. Housing Auth., 782 F.2d 829, 831 (9th Cir. 1986)).

Here, as in Ferdik, the first two factors strongly support dismissal of this action. The action has been pending for over two years and has reached the stage, set by the court's July 21, 2022 scheduling order, for resolution of dispositive motions and, if necessary, preparation for pretrial conference and jury trial. See ECF No. 31. Plaintiff's failure to comply with the Local Rules and the court's March 1, 2023 order suggests that he has abandoned this action and that further time spent by the court thereon will consume scarce judicial resources in addressing litigation which plaintiff demonstrates no intention to pursue. The fifth factor also favors dismissal. The court has advised plaintiff of the requirements under the Local Rules and granted ample additional time to oppose the pending motion, all to no avail. The court finds no suitable alternative to dismissal of this action.

Under the circumstances of this case, the third factor, prejudice to defendant from plaintiff's failure to oppose the motion, should be given little weight. Plaintiff's failure to oppose the motion does not put defendant at any disadvantage in this action. See Ferdik, 963 F.2d at 1262. Indeed, defendant would only be "disadvantaged" by a decision by the court to continue an action plaintiff has abandoned. The fourth factor, public policy favoring disposition of cases on their merits, weighs against dismissal of this action as a sanction. However, for the reasons set forth above, the first, second, and fifth factors strongly support dismissal and the third factor does not mitigate against it. Under the circumstances of this case, those factors outweigh the general public policy favoring disposition of cases on their merits. See Ferdik, 963 F.2d at 1263.

Accordingly, IT IS HEREBY ORDERED that:

1. This action is dismissed pursuant to Federal Rule of Civil Procedure 41(b).

/////

/////

2. Defendant's motion for summary judgment (ECF No. 32) is denied as moot.

3. The Clerk of Court is directed to close this case.

Dated: June 22, 2023

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

12/alex2294.46sj.consent